1   Cam Ferenbach, Nevada Bar No. 0096
    Email: cferenbach@lionelsawyer.com
2   Kelly R. Kichline, Nevada Bar No. 10642
    Email: kkichline@lionelsdawyer.com
3   LIONEL SAWYER & COLLINS
    1700 Bank of America Plaza
4   300 South Fourth Street
    Las Vegas, Nevada 89101
5   (702) 383-8888 (Telephone)
    (702) 383-8845 (Fax)
6
    Daniel F. Diffley
7   Email: dan.diffley@alston.com
    Samuel R. Rutherford
8   Email: sam.rutherford@alston.com
    ALSTON + BIRD, LLP
9   1201 West Peachtree Street
    Atlanta, Georgia  30309
10  (404) 881-7000 (Telephone)
    (404) 253-8572 (Fax)
11
    *Attorneys for Defendant/Counter-Plaintiff*
12  *Comverge*

13

14                    **UNITED STATES DISTRICT COURT**

15                         **DISTRICT OF NEVADA**

16

17  | Nevada Power Company, d/b/a NV Energy, | Case No.  2:10-cv-02094-GMN-RJJ |

18  Plaintiff,

19  v.                                          **ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTER-PLAINTIFF COMVERGE, INC.**

20  COMVERGE, INC., a Delaware corporation,

21                                              **AND**
                           Defendant.
22                                              **DEMAND FOR JURY TRIAL**

23

24  COMVERGE, INC., a Delaware corporation,

25                    Counter-Plaintiff.

26  v.

27  Nevada Power Company, d/b/a NV Energy,
                    Counter- Defendant.
28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

### DEFENDANT/COUNTER-PLAINTIFF COMVERGE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Defendant/Counter-Plaintiff Comverge, Inc. ("Comverge") submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff/Counter-Defendant Nevada Power Company d/b/a NV Energy's ("NV Energy") Complaint, respectfully showing the Court as follows:

### NATURE OF CLAIMS

1.      The allegations of Paragraph 1 constitute legal conclusions to be determined by this Court and to which no response is required. To the extent there are factual allegations that relate to Comverge, Comverge denies them.

2.      Comverge admits that the parties are bound by the Non-Disclosure Agreement (the "NDA"), and that NV Energy breached the NDA and owes Comverge money for design services, among other damages. Comverge also admits that it has sent "cease and desist" letters ("C&D Letters") to NV Energy and other vendors but denies that any of these letters were improper. Comverge denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      The allegations of Paragraph 3 constitute legal conclusions to be determined by this Court and to which no response is required. To the extent there are factual allegations that relate to Comverge, Comverge denies them.

4.      Comverge admits the allegations contained in Paragraph 4 of the Complaint.

5.      Comverge admits solely that this Court has jurisdiction under 28 U.S.C. § 1332 and denies the remaining allegations to the extent they purport to limit Comverge's sought damages to $1,200,000.00. Comverge denies the remaining allegations contained in Paragraph 5 of the Complaint.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

6.    Comverge admits that this Court has personal jurisdiction over Comverge.

7.    Comverge denies the allegations contained in Paragraph 7 of the Complaint.

8.    Comverge admits solely that venue is proper under 28 U.S.C. § 1391(b). Comverge denies that jurisdiction is not founded solely on diversity of citizenship and denies any remaining allegations contained in Paragraph 8 of the Complaint.

## THE PARTIES

9.    Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    Comverge admits the allegations contained in Paragraph 10 of the Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

11.    Comverge admits that upon information and belief that components of NV Energy's Advanced Serviced Delivery ("ASD") are new digital meters (sometimes called "smart meters") that allow for a two-way communication between consumers and NV Energy.  Comverge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

16.     Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Comverge admits solely that it did not directly submit a response to NV Energy's Advanced Metering Infrastructure ("AMI") Request for Proposal ("RFP"). Comverge admits that it was included as a subcontractor in certain responses to the RFPs submitted by other entities.   Comverge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Comverge admits solely that the AMI RFP proposals of Sensus, Itron, and Elster Group each included a Demand Response Management System ("DRMS") proposal from Comverge.  Comverge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Comverge admits solely that it attended a meeting with NV Energy and Sensus. Comverge denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Comverge admits solely that certain employees, representatives, and/or agents of NV Energy visited Comverge's office in Colorado in June 2009.  Comverge denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Comverge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Comverge denies the allegations contained in Paragraph 23 of the Complaint.

24.     Comverge denies the allegations contained in Paragraph 24 of the Complaint.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

25.   Comverge admits solely that on certain occasions it provided PowerPoint presentations to NV Energy regarding its DRMS products.   Comverge denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.   Comverge denies the allegations contained in Paragraph 26 of the Complaint.

27.   Comverge admits solely that it is a party to the May 2008 Delivered Demand Reduction Agreement ("DDR Agreement") and that it submitted a response to NV Energy's December 2009 DRMS RFP.   Comverge denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.   Comverge admits solely that the parties extended the DDR Agreement. Comverge denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.   Comverge admits solely that upon information and belief that it did not win NV Energy's December 2009 DRMS RFP as NV Energy has never provided any formal notice to Comverge concerning its response to the RFP or its work and actions during the ASD workshops, training, and system formation.   Comverge denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.   Comverge admits that on June 22, 2010, it invoiced NV Energy in the amount of $1,200,000.00 and that it has attempted to collect for these services in October and November of 2010.   Comverge denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.   Comverge admits solely that in October and November of 2010, it gave NV Energy protected confidential information during the ASD Project development process, and admits that NV Energy improperly used and/or disseminated this confidential information to third-parties.   Comverge denies the remaining allegations contained in Paragraph 31 of the Complaint.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

32.     Comverge admits that on November 18, 2010, its counsel sent the letter to NV Energy attached as Exhibit 3 to the Complaint.  Comverge denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Comverge denies the allegations contained in Paragraph 33 of the Complaint.

34.     Comverge admits that its counsel has sent letters to certain of NV Energy's vendors, including the letter attached as Exhibit 4 of the Complaint.  Comverge denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Comverge denies the allegations contained in Paragraph 35 of the Complaint.

### FIRST CLAIM FOR RELIEF
### DECLARATION AS TO RIGHTS PURSUANT TO 28 U.S.C. § 2201

36.     Comverge denies the allegations contained in Paragraph 36 of the Complaint.

37.     Comverge denies the allegations contained in Paragraph 37 of the Complaint.

38.     Comverge denies the allegations contained in Paragraph 38 of the Complaint.

39.     Comverge admits solely that NV Energy purports to seek judicial relief. Comverge denies that NV Energy is entitled to such relief in this count, and denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Comverge admits solely that NV Energy purports to seek, but denies that Comverge is entitled to receive attorneys' fees, costs, and interest associated with bringing this action.  Comverge denies any remaining allegations contained in Paragraph 40 of the Complaint.

### SECOND CLAIM FOR RELIEF
### INJUNCTIVE RELIEF

41.     Comverge denies the allegations contained in Paragraph 41 of the Complaint.

42.     Comverge denies the allegations contained in Paragraph 42 of the Complaint.

43.     Comverge denies the allegations contained in Paragraph 43 of the Complaint.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

44.   Comverge denies the allegations contained in Paragraph 44 of the Complaint.

45.   Comverge denies the allegations contained in Paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.   NV Energy's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.   NV Energy's Complaint is barred by waiver.

### THIRD DEFENSE

3.   NV Energy's Complaint is barred by estoppel.

### FOURTH DEFENSE

4.   NV Energy's Complaint is barred by fraud.

### ANSWER TO PRAYER FOR RELIEF

Comverge denies that NV Energy is entitled to any of the relief sought in its Prayer for Relief.

WHEREFORE, having fully answered Plaintiff/Counter-Defendant NV Energy's Complaint, Defendant/Counter-Plaintiff Comverge, Inc. demands a trial by jury on all applicable counts and prays:

A)   That the allegations against it in NV Energy's Complaint be dismissed with all costs cast to NV Energy; and

B)   That Comverge be awarded its reasonable attorney's fees for the defense of this action; and

C)   For any and all such further relief as the Court deems just and proper.

///

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## COUNTERCLAIM OF DEFENDANT/COUNTER-PLAINTIFF COMVERGE, INC.

Comverge submits this, its Counterclaim against NV Energy, respectfully showing the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Comverge's counterclaims are before this court in response to NV Energy's Complaint for declaratory judgment against Comverge before this court.

2.      Comverge is a Delaware corporation licensed to do business in Nevada, with its principal place of business in Norcross, Georgia.

3.      NV Energy is a Nevada corporation and public utility with its principal place of business in Nevada.  Having filed its Complaint in this action, NV Energy has submitted itself, and is subject to, the personal jurisdiction and venue of this Court.

4.      This court has subject matter jurisdiction over Comverge's counterclaims pursuant to 28 U.S.C. §§ 1332 and 1367(a), and Comverge's counterclaims are otherwise proper under Federal Rule of Civil Procedure 13 because they are so related to the claims of the pending action brought by NV Energy against Comverge that it forms part of the same case or controversy.

### FACTS COMMON TO ALL COUNTS

#### *Relationship Between the Parties*

5.      Comverge is a leading provider of intelligent energy management solutions that enable utilities, commercial and industrial customers, and residential consumers to use energy in the most effective and efficient manner.

6.      Comverge's services include the provision of Demand Response technology, which helps utilities improve system reliability, prevent blackouts and brownouts, increase

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

electricity system delivery capacity, and more cost-effectively utilize investments in new infrastructure.

7.     Since 2007, Comverge has provided NV Energy with various energy management solutions.

8.     On February 8, 2007, Comverge and NV Energy entered a Non-Disclosure Agreement (the "NDA") that prohibited NV Energy from disclosing to third parties confidential information that it received from Comverge, and vice versa.[1]   At all relevant times for this action, the NDA governed the relationship between Comverge and NV Energy.

9.     On May 2, 2007, Comverge and NV Energy entered a Delivered Demand Reduction Agreement (the "DDR").   Under the DDR, Comverge provides capacity in the form of reduced megawatts during certain period of NV Energy's peak demand, and associated services to NV Energy.

### *NV Energy's Advanced Services Delivery Project*

10.     Sometime prior to June 2009, NV Energy began plans to implement an Advanced Services Delivery Project (the "ASD Project").

11.     NV Energy retained the consulting firm Enspiria to oversee, manage, and administer the ASD Project.   Enspiria's roles included, among others, assistance in developing Requests for Proposals ("RFPs"), assessing responses for the same, evaluating and selecting vendors, contract negotiations, securing regulatory approval for the ASD Project, and implementing the ASD Project.   At all relevant times, Enspiria acted as an agent for NV Energy.

12.     In early 2009, Enspiria drafted three RFPs which were distributed to potential NV Energy vendors.   The RFPs were for (1) Advanced Metering Infrastructure ("AMI"); (2) Meter Data Management Software ("MDMS"); and (3) Field Services.   The AMI RFP contained

---

[1]     A copy of the NDA is attached as Exhibit 1 to NV Energy's Complaint.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

requests for a Demand Response Management System ("DRMS").      Each of these RFPs
contained confidentiality provisions which stated that confidential and proprietary information
disclosed in response to the RFPs, and exchanged during the development of the ASD Project
would not be disclosed to third parties.

13.      Numerous AMI bidders submitted proposals in response to the AMI RFP that
included Comverge as their DRMS subcontractor.

14.      By May 2009, NV Energy and Enspiria identified the top three vendors for each
respective RFP group.  Each of the top three vendors to the AMI RFP included Comverge as the
DRMS subcontractor.  More specifically, each of their proposals represented that Comverge
would integrate its original DRMS software platform, known as Apollo ("Apollo").

15.      NV Energy informed the AMI RFP's top three vendors that they would be
required to attend future meetings and perform demonstrations in order for NV Energy to make
its selection.  NV Energy informed these vendors that all meetings and demonstrations would be
subject to confidentiality requirements, such that information shared would not be disclosed to
third parties.

16.      By June 2009, NV Energy had informed Comverge that it would be the AMI
DRMS subcontractor and that future meetings, in which confidential information would be
shared, would be necessary to efficiently develop the ASD Project. This agreement that
Comverge would be the AMI DRMS subcontractor was memorialized by, among other things,
Comverge's submission of a Memorandum of Understanding to NV Energy reciting the same
(the "Memorandum of Understanding").

///

///

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

*The June 2009 Meeting*

17.    In June 2009, employees, agents, and/or representatives of NV Energy, including Enspiria, visited Comverge's development office in Broomfield, Colorado to get a detailed understanding of the Apollo system (the "June 2009 Meeting").

18.    The only entities with representatives in attendance at the June 2009 Meeting were NV Energy, Enspiria (on behalf of NV Energy), and Comverge.

19.    At the June 2009 Meeting, Comverge's development team presented the components of Apollo, and other aspects of its DRMS plan, to NV Energy in thorough detail.

20.    At the June 2009 Meeting, Comverge distributed hard copies of a PowerPoint presentation that the NV Energy team could follow during the presentation. The presentation was marked "Confidential and Proprietary." This presentation of Comverge's DRMS plan included information regarding Comverge's demand response and management software system, including theory of operations, design, interface, graphical user interface, operations, user functionality, operating functionality, communications design and overall architecture; information regarding Comverge's Business Information System for managing and implementing demand response/management programs, including design, interface, graphical user interface, operations, user functionality, operating functionality, communications design and overall architecture ("BIS"); and information regarding Comverge's original and independent theories of operation, graphical user information, and user operations for in-home displays, thermostats and units to control air conditioning systems (collectively, Comverge's "Confidential Information"). This Confidential Information was discussed among the participants at the meetings, in addition to the PowerPoint presentation.

21.    Comverge's Confidential Information specifically derives independent economic value from not being generally known to, and not being readily ascertainably by the public or

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

any other persons who can obtain commercial or economic value from its disclosure.  Comverge relies on the secrecy of its Confidential Information in order to, among other things, compete in the market place and exploit and receive economic benefits.

22.    All participants at the June 2009 Meeting were participating under the understanding that the Confidential Information was being provided pursuant to the NDA, as well as the confidentiality statements included within the NV Energy's RFPs and/or with the understanding that the material would otherwise be treated as confidential, not to be disclosed to other parties.    All participants at the June 2009 Meeting also had the understanding that Confidential Information would be used solely as part of the NV Energy ASD Project of which Comverge would be a contractor.

23.    Comverge's June 2009 Meeting also included live demonstrations of the various Apollo software, operations, and processes referenced in Paragraph 20 above.

### NV Energy Chooses Vendors

24.    By no later than July 2009, NV Energy had chosen vendors for the three RFPs referenced in Paragraph 12 above.  NV Energy awarded its AMI contract to Sensus Metering Systems, Inc. ("Sensus"), with Comverge as the specified DRMS vendor.  NV Energy awarded the MDMS contract to Itron, Inc. ("Itron") and the Field Services contract to Scope Services.  At no time did NV Energy instruct Comverge that its role as the ASD Project's DRMS vendor was subject to a "probationary" period.

25.    By July 2009, NV Energy had also contracted with IBM to assist with implementation of the ASD Project.  At all relevant times, IBM served as a contractor and agent for NV Energy.

26.    NV Energy eliminated those vendors that submitted unsuccessful RFP bids.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

27.     From this point forward, NV Energy repeatedly stressed to the aforementioned vendors, including Comverge, the importance of transparency and collaboration with and among each other. NV Energy required the vendors to work together to expedite the ASD Project.

28.     On August 26, 2009, Enspiria's Jeff Evans, on behalf of NV Energy, sent an e-mail to the ASD Project vendors, requesting their presence at a September 10-11, 2009 kick-off meeting. The e-mail was sent to employees of only Sensus, Comverge, Itron, Scope Services, and IBM.

29.     Mr. Evans's e-mail said that "[t]he intent of the meeting is to introduce the ASD solution to the leadership of each of NV Energy's partners, to set expectations regarding the ASD project and specifically the Plan phase, and to provide an opportunity for all to meet each other."

30.     In August 2009, NV Energy submitted a grant proposal to the Department of Energy, and identified Comverge as the DRMS subcontractor. The Department of Energy awarded NV Energy approximately $138 million for this grant, for the $298,000,000 ASD Project.

### Vendor Meetings and Workshops

31.     In September 2009, Comverge attended NV Energy's Project Initiation and Planning Meeting. In addition to discussing the ASD Project, NV Energy representatives met with Comverge and the other vendors to finalize contracts. Although not all contracts were finalized, all vendors in attendance, including Comverge, were operating under the understanding, based on representations from NV Energy, that they were NV Energy vendors for the ASD Project, with contracts to be executed.

32.     In early October 2009, NV Energy representative Gary Smith contacted Comverge to inform Comverge that instead of being a subcontractor to Sensus that NV Energy

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

would contract directly with Comverge.  Specifically, Mr. Smith informed Comverge that the DRMS would be included in the extension to the currently existing DDR.

33.     From October 14-16, 2009 NV Energy held an ASD Project Coordination workshop for the ASD Project Team and Vendor Partners.  Comverge attended this workshop on-site in Nevada.

34.     In addition to the preparation workshops, NV Energy held a meeting on October 14 with Itron, Sensus, Comverge, Scope Services, and IBM.  The stated agenda for the meeting was "Update on Partner Project Preparations, Plans, and Needs."

35.     In addition, in October 2009, NV Energy held meetings that required attendance from all ASD Project vendors, including Comverge (the "ASD Team Meetings").     Comverge participated in these ASD Team Meetings on-site in Nevada on October 12-14, October 20-21, and October 25-27.

36.     In advance of these meetings, Enspiria drafted and distributed a "Solution Introduction Preparation and Agenda" which was marked as "Proprietary and Confidential." The ASD Team Meetings included presentations made by NV Energy, Enspiria, Itron, Sensus, Comverge, Scope Services, Boice Dunham Group (NV Energy's Dynamic Pricing Trial vendor), and IBM.

37.     NV Energy and its ASD Project vendors, including Comverge, understood that the ASD Team Meetings were confidential and that information shared was not to be disclosed to third parties.

38.     Comverge's ASD Team Meetings presentations were attended by ASD Project Vendors and NV Energy employees, agents and representatives.  Comverge's presentations during these meetings included an Apollo demonstration and an overview of its components, a thorough description of Comverge's system architecture and hardware configurations, a

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

thorough description of its demand response methodology and approach, a thorough description of its BIS, and disclosure of other Confidential Information.

39.     During these presentations, Comverge disclosed its Confidential Information to the attending vendors and NV Energy personnel, with the understanding that this information would not be used or disclosed to others.

40.     In December 2009, Enspiria drafted and circulated to vendors, including Comverge, NV Energy's Advanced Service Delivery Planning Phase Workshops Agenda, Version 1.6.2 (the "Workshops Agenda"). The Workshops Agenda was marked "Proprietary and Confidential."

41.     The Workshops Agenda, effective December 16, 2009, scheduled the following Comverge workshops on-site in Nevada for the week of January 11, 2010: a Comverge – DR Deployment Requirement workshop, Apollo Integration and Requirement workshops, and a DR Device and Field Service Requirements workshop. NV Energy also required Comverge to attend on-site workshops during the week of January 18, 2010.   The Workshops Agenda listed Comverge as an attending vendor for the vast majority of workshops from November 2009 through March 2010.   At no time was Comverge told it was on a "probationary" period when being asked to attend these meetings, and while providing confidential information at these meetings.

42.     Throughout this time period, NV Energy required Comverge to send employees to Nevada to participate and lead discussions on the ASD Project's DRMS initiative. NV Energy required Enspiria to document these discussions and create documents regarding Comverge's Confidential Information.

///

///

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

page 15 of 29

### NV Energy Issues DRMS RFP but
### Continues to Represent Comverge as its DRMS Vendor

43.   Despite NV Energy's use of Comverge as its ASD Project DRMS vendor from June through December 2009, at the end of 2009, NV Energy issued an unplanned RFP for DRMS.   The DRMS RFP contained the same confidentiality provision that the AMI RFP contained.  NV Energy did not provide any advance notice of this new RFP for DRMS.

44.   In January 2010, Comverge submitted a proposal in response to the new DRMS RFP.  Comverge also provided NV Energy with login access to Apollo with the understanding that this information would be maintained as confidential by NV Energy.

45.   Even after it issued the second DRMS RFP in December 2009, and throughout 2010, NV Energy continued to consider and utilize Comverge as its DRMS vendor and continued to represent to Comverge and third parties that it intended to use Apollo in its ASD Project.

46.   On January 20, 2010, NV Energy set up SharePoint and FTP sites (the "ASD Private Sites") that allowed NV Energy and its vendors to store, retrieve, edit, and share ASD Project documents.

47.   On January 20, 2010, NV Energy's Christopher Jones distributed an e-mail to the ASD Project "Team" with instructions on how to access the ASD Private Sites (the "ASD Private Sites E-mail").   This e-mail instructed that "All information uploaded to this site is confidential to ASD team members/contractors, and not for public release."   This e-mail was distributed to personnel from only the following entities: NV Energy, Comverge, Enspiria, Sensus, Itron, Scope Services, and IBM.

48.   On January 29, 2010, NV Energy and Comverge entered an amendment to the DDR which required Comverge to "deploy its Apollo Demand Response Manager software…[,] participate in ASD workshops to identify additional ASD integration requirements…[and]

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

integrate with and functionally expand a utilities back office infrastructure to allow for future AMI and smart grid deployments."

49.     Comverge continued to attend workshops, as required by NV Energy, throughout January, February and into March 2010 to solidify the requirements for the ASD Project and the ASD Project contracts.   During these workshops, Comverge demonstrated, described, and answered questions relating to its Confidential Information.

50.     In February 2010, Enspiria drafted for NV Energy a Comverge DR Requirements Specification document for the ASD Project.   The purpose of the document was to "fully describe the required behavior of the Comverge DR Solution and related subsystems" and its scope applied to "all the components of the Comverge DR Solution, including the Apollo application, HAN devices and integrations to other systems as needed to other ASD vendor and NVE Systems that comprise the ASD."

51.     Enspiria only acquired this information, which included the Comverge Confidential Information, from Comverge through the meetings and presentations described above.

52.     In February 2010, NV Energy filed its 2010-2029 Triennial Integrated Resource Plan Application ("IRP") with the Public Utilities Commission of Nevada (the "Commission"). On July 30, 2010, the Commission granted the IRP as modified to certain findings (the "Order").

53.     The Commission's findings included that NV Energy's "communications component is Comverge Apollo software platform.   [NV Energy] represent[s] that [Demand Response] as an ASD component will rest on the Comverge Apollo software platform."   These findings were based specifically on NV Energy's representations to the Committee that it was, in fact, using Comverge's Apollo software platform.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

page 17 of 29

1    **54.**    NV Energy has not disclosed to the Commission the circumstances under which it

2    acquired the Confidential Information from Comverge, nor have there been any public filings of

3    NV Energy disclosing that it is no longer using Apollo or that it has chosen another DRMS

4    vendor.

5    *NV Energy Allegedly Terminates Comverge as Its DRMS Vendor*

6

7    55.    At some point in 2010, NV Energy awarded its DRMS contract to UISOL, Inc.

8    Prior to this contract, upon information and belief, UISOL had never provided Demand

9    Response services for a large utility like NV Energy.

10    56.    NV Energy never formally informed Comverge that it awarded its DRMS

11    contract to UISOL or that Comverge would not be a part of the ASD Project.

12    57.    On July 22, 2010, after NV Energy wrongfully terminated Comverge as its

13

14    DRMS vendor, Comverge sent an invoice to NV Energy in the amount of $1,200,000.00 (the

15    "Invoice"). The Invoice was solely for services performed by Comverge for NV Energy as NV

16    Energy's contemplated DRMS vendor.    Comverge's invoiced services included, without

17    limitation, demonstrations of Comverge products, including the Apollo software; education of

18    NV Energy and its consultants on demand response, price response, Zigbee and associated

19    technologies; delivery of Comverge intellectual property; delivery of conceptual design of

20    Comverge Business Information System for the ASD Project; establishment and discussion of all

21    key workflows for implementation of the ASD Demand Response Solution specifications;

22

23    delivery of production manuals and installation guides; delivery of security assessments and

24    relating documentation on Comverge's solutions; support for contracting processes and

25    procedures.

26    ///

27    ///

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

58.     The Invoice related only to Comverge's services provided during the relevant time period.   The Invoice is unrelated to, and independent of, the damages due Comverge resulting from NV Energy's various other wrongdoings as identified in the counts below.

59.     Notwithstanding the services provided as reflected in the Invoice, NV Energy has not made any payments to Comverge in response to the Invoice, and it has represented that it does not intend to do so.

60.     Currently, with the exception of Comverge, NV Energy has ASD Project contracts with every vendor that attended the October 2009 ASD Team Meetings and the November 2009 – February 2010 Workshops, and every vendor that received the ASD Private Sites E-mail, including Sensus, Enspiria, Itron, Scope Services, IBM.  NV Energy also now has an ASD Project contract with UISOL.

61.     NV Energy is using Comverge's Confidential Information to implement the ASD Project.

62.     NV Energy disclosed Comverge's Confidential Information to UISOL and perhaps others.

63.     Upon information and belief, UISOL's DRMS plan is virtually identical to Comverge's planned AMI DRMS program, including the Apollo software components, and it is based entirely on Comverge's Confidential Information.

64.     On November 18, 2010, after learning that NV Energy and UISOL were using Comverge's Confidential Information in furtherance of the ASD Project, Comverge's counsel sent Cease and Desist Letters ("C&D Letters") to NV Energy, UISOL, and others.

65.     The C&D Letters specifically demanded NV Energy, and its vendors, to cease and desist from using and/or disclosing to third parties Comverge's Confidential Information, and to return Comverge's Confidential Information to Comverge.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

66.     NV Energy responded to the C&D Letters by returning to Comverge certain pages from one of Comverge's presentations on the Apollo software platform.

67.     Despite its receipt of the C&D Letters, NV Energy continues to use Comverge's Confidential Information for the ASD Project.

## COUNT I: MISAPPROPRIATION OF TRADE SECRETS

68.     Paragraphs 1 through 67 are incorporated by reference as if set forth fully herein.

69.     Comverge's Confidential Information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by the public or any other persons who can obtain commercial or economic value from its disclosure.

70.     Comverge took reasonable efforts to maintain the secrecy of the Confidential Information. It disclosed the Confidential Information to NV Energy pursuant to the NDA, and it disclosed the Confidential Information to NV Energy and its ASD Project vendor partners, during confidential meetings, only pursuant to agreement and understanding by all vendors that the Confidential Information would not be disclosed to others, and would only be used in an effort to advance the ASD Project with the expectation and understanding, based on representations by NV Energy, that Comverge would be awarded the DRMS contract.

71.     From June 2009 through March 2010, NV Energy falsely promised and represented that Comverge would be the ASD Project's DRMS subcontractor. Throughout this period, as part of this misrepresentation, NV Energy, among other things, required Comverge to send its employees to on-site meetings in Nevada to disclose its Confidential Information for the purpose of implementing the ASD Project. By doing so, NV Energy acquired Comverge's Confidential Information through improper means. *See* N.R.S. 600A.030.

72.     Because Comverge reasonably believed that it was the ASD Project's DRMS subcontractor due to NV Energy's representations, promises and assurances, NV Energy

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1    acquired Comverge's Confidential Information under circumstances giving rise to a duty to

2    maintain its secrecy. *See* N.R.S. 600A.030.

3        73.    Nevertheless, NV Energy disclosed Comverge's Confidential Information to

4    UISOL and perhaps others.

5        74.    By virtue of the above-described actions, NV Energy misappropriated

6
7    Comverge's trade secrets. *See* N.R.S. 600A.030.

8        75.    Comverge has suffered damages, in a substantial amount to be proven at trial, as a

9    direct result of NV Energy's misappropriation of Comverge's trade secrets.

10       76.    By virtue of NV Energy's willful, wanton, and reckless misappropriation and

11   disregard of Comverge's rights, Comverge is further entitled to recover exemplary damages

12   against NV Energy. *See* N.R.S. 600A.050.

13
14                    **COUNT II: BREACH OF CONTRACT – NDA**

15       77.    Paragraphs 1 through 76 are incorporated by reference as if set forth fully herein.

16       78.    The NDA is a valid, binding contract between Comverge and NV Energy.

17       79.    Paragraph 3 of the NDA requires that NV Energy not disclose Comverge's

18   Confidential Information without Comverge's express written consent.

19       80.    Comverge never consented to NV Energy's disclosure of its Confidential

20   Information to any other parties.

21
22       81.    NV Energy disclosed Comverge's Confidential Information to UISOL, and

23   perhaps others and thereby breached the NDA.

24       82.    As a result of NV Energy's breach of the NDA, Comverge has suffered

25   substantial damages, including its reasonable attorney's fees, in an amount to be proven at trial.

26                  **COUNT III: BREACH OF CONTRACT – INVOICE**

27       83.    Paragraphs 1 through 82 are incorporated by reference as if set forth fully herein.

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

84.     Comverge and NV Energy entered a valid and binding agreement under which Comverge would provide services in exchange for and as part of being awarded the contract as ASD Project's DRMS Vendor.

85.     In accordance with this agreement, Comverge provided services and products as detailed herein, and it disclosed to NV Energy the Confidential Information, in exchange for NV Energy's assurances that Comverge would be the ASD Project's DRMS Vendor.

86.     Despite Comverge's good faith performance, NV Energy unjustifiably terminated Comverge as the ASD Project's DRMS Vendor.

87.     NV Energy breached the agreement as it never provided any compensation for Comverge's services or for its products, as reflected in the Invoice, from which NV Energy continues, and will continue, to derive substantial benefits.

88.     As a result of NV Energy's breach of this agreement, Comverge has suffered substantial damages in an amount to be proven at trial.

**COUNT IV: QUANTUM MERUIT**

89.     Paragraphs 1 through 88 are incorporated by reference as if set forth fully herein.

90.     Comverge performed valuable services and delivered valuable products to NV Energy at NV Energy's request under the parties' agreement that Comverge would be the ASD Project's DRMS vendor.

91.     After NV Energy's wrongful termination of Comverge, only NV Energy, not Comverge, benefited from Comverge's provision of services and products.

92.     Despite the substantial benefits NV Energy derived from, and will continue to derive from, Comverge's services and products, it never compensated Comverge for them.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

93.     Based on the parties' agreement and conduct, Comverge had a reasonable expectation that NV Energy would provide it compensation in exchange for Comverge's provision of valuable services and products.

94.     Comverge is entitled to recover reasonable value for the services and products it provided to NV Energy, in an amount to be determined at trial.

## COUNT V: UNJUST ENRICHMENT

95.     Paragraphs 1 through 94 are incorporated by reference as if set forth fully herein.

96.     From June 2009 through March 2010, Comverge conferred a benefit on NV Energy through its performance of services and provision of products as listed above.  Further, Comverge has conferred future benefits on NV Energy by disclosing the Confidential Information to NV Energy based on NV Energy's fraudulent misrepresentation that Comverge would be NV Energy's ASD Project DRMS vendor.

97.     NV Energy has used the benefits conferred on it by Comverge to its benefit.  Specifically, NV Energy employed Comverge as a vendor for a period of ten months without providing any consideration for the same.  Moreover, NV Energy continues to use Comverge's Confidential Information, and it has represented to the Commission and other third parties that it intends to use it in the future, without providing any consideration to Comverge for the same.

98.     Comverge has incurred substantial detriment as a direct and proximate result of NV Energy's failure to pay Comverge for its services and products and for use of its Confidential Information.

99.     Comverge is entitled to recover from NV Energy the amount of this unjust enrichment in an amount to be proven at trial.

## COUNT VI: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

100.     Paragraphs 1 through 99 are incorporated by reference as if set forth fully herein.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

101.   Under the NDA and other agreements, NV Energy had an implied obligation to perform its duties and obligations in good faith and fair dealing.

102.   In spite of this obligation, NV Energy intentionally misrepresented to Comverge, for a period of at least ten months, that Comverge would be the ASD Project's DRMS vendor.

103.   Further, NV Energy wrongfully accepted and retained benefits and products from Comverge even though it did not intend to ultimately compensate Comverge for the same.

104.   By virtue of the foregoing, NV Energy deliberately countervened the intention and spirit of the NDA and other agreements between the parties.

105.   As a result of NV Energy's breach of the duty of good faith and fair dealing, Comverge suffered substantial damage in an amount to be determined at trial.

## COUNT VII: FRAUD / INTENTIONAL MISREPRESENTATION

106.   Paragraphs 1 through 105 are incorporated by reference as if set forth fully herein.

107.   As described above, NV Energy, through its employees and agents, made knowingly false misrepresentations to Comverge and its employees.  Among other things, NV Energy's employees and agents represented to, and assured that, Comverge would be its ASD Project's DRMS vendor when, in reality, it had no intention of going forward with the ASD Project with Comverge as the DRMS vendor.

108.   Comverge made these misrepresentations on a consistent basis from June 2009 through March 2010.  Comverge's misrepresentations include, without limitation, its acceptance of the Memorandum of Understanding when NV Energy had no intention to honor it; its arrangement of the June 2009 Meeting, prior to which it assured Comverge that it would be the ASD Project DRMS vendor even though it never intended to retain Comverge as the same; and its requirement that Comverge attend the ASD Team Meetings and the various workshops and meetings detailed herein, in which it required Comverge to disclose its Confidential Information

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

on the basis that it would be the ASD Project DRMS vendor even though NV Energy never intended to retain Comverge as the same.

109.    NV Energy made these misrepresentations with the intent to deceive Comverge into believing that Comverge would receive the DRMS vendor contract.

110.    Comverge justifiably relied upon the false representations of NV Energy.   As such, Comverge disclosed its Confidential Information to NV Energy and provided various services and products to NV Energy as discussed above.

111.    Comverge has incurred damages, in a substantial amount to be proven at trial, as a direct and proximate result of its reliance on NV Energy's false misrepresentations.

112.    Comverge is entitled to recover expenses of litigation, including reasonable attorneys' fees, by virtue of NV Energy's fraud.

113.    Comverge is further entitled to recover exemplary damages because NV Energy's conduct evidences oppression, malice, and fraud. *See* N.R.S. 42.005.

**COUNT VIII: CONVERSION**

114.    Paragraphs 1 through 113 are incorporated by reference as if set forth fully herein.

115.    NV Energy has wrongfully taken and retained possession of property owned by Comverge, including, without limitation, Comverge's Confidential Information, and has wrongfully refused to return such property to Comverge as requested.

116.    NV Energy has used, and continues to use, Comverge's property for its own benefit.

117.    Through its conversion of Comverge's property, NV Energy has proximately caused substantial injury to Comverge, in an amount to be determined at trial.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

118.    NV Energy's conversion of Comverge's property was, and continues to be, fraudulent, oppressive, and malicious, such that punitive damages should be imposed against NV Energy.

## COUNT IX: INJUNCTIVE RELIEF

119.    Paragraphs 1 through 118 are incorporated by reference as if set forth fully herein.

120.    NV Energy's retention, disclosure, and use of Comverge's Confidential Information is improper, unlawful, and in direct violation of Comverge's rights.  This conduct injures Comverge by impairing its ability to safeguard its proprietary information, compete in the market place of its industry, and to commercially exploit and receive economic benefits from business assets that it has developed.

121.    By virtue of the foregoing, Comverge demonstrates irreparable injury that cannot be fully compensated through money damages alone.

122.    A balancing of the equities of the parties favors the issuance of a permanent injunction in Comverge's favor, as Comverge comes before Court with clean hands whereas NV Energy has acted illegally and with unclean hands.

123.    Unless NV Energy is enjoined from continuing to unlawfully use and/or disclose Comverge's Confidential Information, Comverge will be irreparably harmed.  Further, such injunctive relief will not impact NV Energy because NV Energy is contractually forbidden, both expressly and impliedly, from using Comverge's Confidential Information and, thus, has no reasonable expectation of entitlement to the same.

124.    Comverge is entitled to a permanent injunction and other appropriate equitable relief to restrain and bar NV Energy, its affiliates, subsidiaries, employees, agents, representatives, and all other persons acting directly or indirectly with any of them or in concert with any of them, from improperly using or disclosing Comverge's Confidential Information.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

125.     Comverge is further entitled to injunctive relief to eliminate the commercial or other advantage that NV Energy is deriving from its misappropriation of Comverge's Confidential Information. *See* N.R.S. 600A.040.

### COUNT X: ATTORNEYS' FEES

126.     Paragraphs 1 through 125 are incorporated by reference as if set forth fully herein.

127.     Comverge has requested NV Energy to return and to permanently discontinue use and disclosure of Comverge's Confidential Information.

128.     Nevertheless, NV Energy continues to use and disclose Comverge's Confidential Information, which it only acquired through its deceptive practices.

129.     Thus, NV Energy's misappropriation of Comverge's Confidential Information has been, and continues to be, willful and malicious.

130.     By virtue of the foregoing, Comverge specifically pleads for the award of reasonable attorney's fees. *See* N.R.S. 600A.060.

**WHEREFORE**, Comverge demands a trial by jury on all applicable counts and further that that this Court enter judgment in its favor, and against NV Energy, as follows:

(1)     A Judgment against NV Energy in an amount to be determined at trial;

(2)     A Judgment for punitive damages and exemplary damages in an amount to be determined at trial;

(3)     A Judgment for prejudgment and post-judgment interest;

(4)     A Judgment for the cost of litigation under N.R.S. 600A.060 including the amount of Comverge's attorneys' fees;

(5)     Entry of a permanent injunction against NV Energy and its managers, directors, affiliates, subsidiaries, employees, agents, representatives and all other persons acting directly or indirectly with any of them or in concert with any of them: (i) prohibiting them from continuing

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

to improperly retain, misappropriate, convert, control, copy, exploit, disseminate, transfer or otherwise use, or allow any other person or entity to use Comverge's Confidential Information; and (ii) compelling them to return Comverge's Confidential Information to it; and

      (6)    All other forms of relief provided by law or equity.

## DEMAND FOR JURY TRIAL

Comverge demands a trial by jury on all applicable counts so triable as a matter of right.

Respectfully submitted this 31st day of January, 2011.

LIONEL SAWYER & COLLINS

By: _____
Cam Ferenbach
Nevada Bar No. 0096
Kelly R. Kichline
Nevada Bar No. 10642
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Daniel F. Diffley **
Samuel R. Rutherford **
ALSTON + BIRD, LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
(404) 881-7000 (Telephone)
(404) 253-8572 (Fax)

*Attorneys for Defendant/Counter-Plaintiff Comverge*

*** In compliance with LR IA 10-2, Daniel F. Diffley and Samuel R. Rutherford have concurrently filed verified petitions for permission to practice in this case.*

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## CERTIFICATE OF SERVICE

On January 31, 2011, I filed the foregoing **ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTER-PLAINTIFF COMVERGE, INC. AND DEMAND FOR JURY TRIAL** with the Clerk of the Court using CM/ECF causing it to be served on the following:

Steve Morris
Akke Levin
MORRIS PETERSON
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**I declare under penalty of perjury that the foregoing is true and correct.**

An Employee of Lionel Sawyer & Collins

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888